Tammy Hussin (Bar No. 155290)
HUSSIN LAW
6404 Merlin Dr. #100
Carlsbad, CA 92011
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorney for Plaintiff, David Mayfield

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| David Mayfield,<br><br>    Plaintiff,<br><br> vs.<br><br>National Credit Adjusters, LLC, a foreign limited liability company; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *ET. SEQ***<br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET. SEQ.***<br><br> **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, David Mayfield, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.*, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et. seq.*, by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## THE PARTIES

4. The Plaintiff, David Mayfield (hereafter "Plaintiff"), is an adult individual residing in Los Angeles County, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). The events described herein occurred within this judicial district.

5. The Defendant, National Credit Adjusters, LLC, is a Kansas limited liability company, doing business in California as National Credit Adjusters ("NCA"), and operates regularly collecting consumer debts throughout California and within this judicial district. NCA is operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCA and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCA at all times acted by and through one or more of the Collectors.

## THE DEBT

8. A financial obligation (the "Debt") was allegedly incurred by Plaintiff which arose from services or goods which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5)

9. The Debt was purchased, assigned or transferred to NCA for collection, or NCA was employed to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## THE FACTS

11. Within the last four years, NCA began calling Plaintiff on his cellular telephone in an attempt to collect the Debt.

12. NCA called Plaintiff's cellular telephone using an automated telephone dialing system and/or an artificial voice ("Automated Calls").

13. When Plaintiff answered the Automated Calls, NCA used a prerecorded voice prior to transferring Plaintiff's call to a representative.

14. When Plaintiff did not answer the Automated Calls, NCA used an automated voice to deliver a voicemail message.

15. The Automated Calls were frequent and bothersome to Plaintiff, and NCA called Plaintiff in the early morning hours.

16. Plaintiff did not wish to be called by NCA, and made frequent requests that the calls stop.

17. In particular, Plaintiff answered the aforementioned early morning call on February 25, 2015, and instructed NCA to stop calling. The representative told Plaintiff his number would be removed from their list.

18. Despite this, NCA continued to place Automated Calls to Plaintiff.

19. On or about March 18, 2015, Plaintiff answered an Automated Call in an effort to stop the calls and spoke to NCA's representative, Derrick. Plaintiff told Derrick that he did not NCA to call him. Derrick told Plaintiff he would not receive more anymore calls from NCA.

20. Despite this, NCA continued to place Automated Calls to Plaintiff.

21. Plaintiff also answered a call on or about April 23, 2015 and told representative Ms. Johnson to stop calling. Ms. Johnson told Plaintiff he would not receive any more calls from NCA.

22. Despite this, NCA continued to place Automated Calls to Plaintiff.

23. On June 3, 2015, Plaintiff again answered an Automated Call in an effort to get the calls to stop. Plaintiff asked to be put on NCA's do not call and the representative told Plaintiff NCA does not have a do not call list.

24. In response, Plaintiff told the representative that the Federal Communications Commission ("FCC") requires a company to stop calling after someone asks to be put on the callers do not call list.

25. The representative told Plaintiff the FCC rules do not apply at all, and that NCA would continue calling despite Plaintiff's do-not call directive.

26. The representative became rude and aggressive and spoke to Plaintiff in a loud and demeaning tone. Plaintiff then terminated the call.

27. Thereafter, as promised by the rude representative, NCA continued to make Automated Calls to Plaintiff.

28. Plaintiff's cellular number has an Ohio area code, however Plaintiff resides in California.

29. NCA knows Plaintiff resides in California and has sent mail to Plaintiff at his California residence.

30. Despite knowing Plaintiff resides in California, NCA called Plaintiff during the early morning hours, including but not limited to on or about February 25, 2015 at 5:59 a.m.

31. Ultimately Plaintiff was forced to retain counsel in order to stop NCA's Automated Calls.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. NCA called Plaintiff before 8 a.m. in violation of 15 U.S.C. § 1692c(a)(1).

34. NCA engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

35. NCA caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

36. NCA used false and deceptive language in violation of 15 U.S.C. § 1692e.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. §227, ET SEQ.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Without prior consent, NCA placed Automated Calls to Plaintiff using an automated telephone dialing system and an automated or prerecorded voice on his cellular telephone in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. NCA, as a collection agency, knows or should know the prohibitions of the TCPA, and has been called to defend itself several times in other TCPA actions.

42. NCA knew it was calling Plaintiff without his consent and over his objection.

43. Insofar as NCA is intimately familiar with the TCPA and knew it had no consent to call Plaintiff on his cellular telephone, the Automated Calls were made in knowing and/or willful violation of the TCPA. As such, NCA should be subject to treble damages for each call pursuant to 47 U.S.C. §227(b)(3)(C). *See, e.g., J2 Global Communications v Blue Jay, Inc.*, 2009 WL 4572726 (N.D. Cal.).

44. Defendants' telephone dialing system has the capacity to store randomly or sequentially generated telephone numbers and randomly or sequentially dials telephone numbers.

45. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. §227(b)(1).

46. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

## COUNT III
## VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et. seq.*

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

49. NCA, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

50. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

51. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

52. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

53. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
2. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);
3. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);
4. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);
5. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30.

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 15, 2015        TAMMY HUSSIN

By: */s/   Tammy Hussin*
Tammy Hussin, Esq.
Hussin Law
Attorney for Plaintiff, David Mayfield