SEAN P. FLYNN (SBN: 220184)
GORDON & REES LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Defendant
NATIONAL CREDIT ADJUSTERS, LLC

FILED
CLERK, U.S. DISTRICT COURT

12/14/2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____GR_____ DEPUTY

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DAVID MAYFIELD,

                Plaintiff,

    vs.

NATIONAL CREDIT ADJUSTERS, LLC, a foreign limited liability company; and DOES 1-10, inclusive,

              Defendant.

CASE NO.
**2:15-CV-07235-PSG-RAO**

**STIPULATED PROTECTIVE ORDER**

///

///

///

///

///

///

///

///

///

///

-1-
STIPULATED PROTECTIVE ORDER

1    IT IS HEREBY STIPULATED by and between Plaintiff DAVID

2  MAYFIELD ("Plaintiff") and Defendant NATIONAL CREDIT ADJUSTERS,

3  LLC ("Defendant") through their respective attorneys of record, as follows:

4    WHEREAS, the parties expect that discovery in this action will encompass

5  confidential and proprietary documents and trade secrets of one or more parties,

6  including without limitation financial data such as sales data, revenues, costs,

7  pricing structure, customer information, purchasing information, tax returns,

8  business strategies, and potentially other non-public information, such as personal

9  income, credit and other confidential information of Plaintiff or Plaintiff's

10  witnesses.

11    THEREFORE, It is hereby stipulated, and the parties hereby request, that the

12  Court enter a protective order as follows:

13    I.    SCOPE:

14    A.    This Protective Order shall limit the use and/or disclosure of

15  documents, deposition testimony, and related information which are, or which

16  embody or disclose any information, designated hereunder as "CONFIDENTIAL"

17  or as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" and shall apply to:

18    1.    All such documents so designated in accordance with this Protective

19  Order and all information contained therein;

20    2.    Portions of deposition testimony and transcripts and exhibits thereto

21  which include, refer, or relate to any designated "CONFIDENTIAL" or

22  "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information;

23    3.    All information, copies, extracts, and complete or partial summaries

24  prepared or derived from information that was designated "CONFIDENTIAL" or

25  "CONFIDENTIAL--ATTORNEYS' EYES ONLY";

26    4.    Portions of briefs, memoranda, or any writing filed with or otherwise

27  supplied to the Court under seal, which include or refer to any information

28  designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-2-

1  ONLY"; and

2      5.    Any document exchange in connection with, or related to, any

3  mediation, or proposed mediation.

4      B.    Any person (i.e., any individual or entity) designating documents,

5  testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL--

6  ATTORNEYS' EYES ONLY" hereunder asserts that he, she, or it believes in good

7  faith that such material is his, her, or its Confidential Information which is not

8  otherwise available to the public generally, or is Confidential Information which

9  the person believes is or may be encompassed by a pre-existing confidentiality

10  agreement with any other person.

11      C.    "Confidential Information" is defined as documents, material, or

12  testimony that is private or constitutes and/or relates to (a) trade secrets; (b)

13  business strategies, decisions, and/or negotiations; (c) financial, budgeting, and/or

14  accounting information; (d) customer information, including prospective

15  customers; and (e) marketing studies, proformas, projections, and similar

16  information relating to the value and/or potential value of stock, science and

17  technology, and/or other assets or liabilities.

18      D.    Confidential Information ordinarily should be designated as

19  "CONFIDENTIAL" rather than "CONFIDENTIAL--ATTORNEYS' EYES

20  ONLY."  A "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation is

21  appropriate only where the Confidential Information is so extremely sensitive in

22  the context of this case that there is a real danger that the party producing the

23  information could be prejudiced if the information is disclosed under the protection

24  provided by a "CONFIDENTIAL" designation.  Examples of information

25  warranting a "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation are

26  documents which contain, disclose, or reflect trade secrets, sensitive customer

27  information, business and marketing plans and information, or similarly

28  competitively sensitive information.

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

E.      Nothing in this Order and no party's designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect in any manner the independent research and development, marketing, product development, or other technical activities of the parties.

F.      Nothing in this Order and no party's designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect the use (including the ability to include the document or information in papers not filed under seal) of another party's documents which are duplicates of such designated documents provided that such duplicate documents were lawfully obtained by such party through means independent of the discovery process.

G.      A party's failure to designate a document as its Confidential Information where the document was produced by another party and designated by the producing party as that party's Confidential Information shall not be construed to waive the non-designating party's claim, with respect to present and future litigation between these or other parties, that the document contains the non-designating party's Confidential Information.

II.      DESIGNATION OF DOCUMENTS AND DEPOSITIONS AS "CONFIDENTIAL" OR "CONFIDENTIAL--ATTORNEYS' EYES ONLY":

A.      Designation of a document as "CONFIDENTIAL" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page thereof.

B.      Designation of a document as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL--ATTORNEYS' EYES ONLY" on each page thereof.

C.      Designation of a deposition or other pretrial testimony, or portions thereof, as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-4-

ONLY" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order, the court reporter, the deponent, and the deponent's attorney. Failure of any person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. Thereafter, any counsel may reopen the deposition into areas which the witness refused to answer after bringing a motion for protective order to resolve whether the person who refused to leave the deposition should be allowed to be present during questioning.  After resolution of said motion, counsel shall be allowed to continue said deposition with respect to the questions, and lines of questioning, which the deponent refused to answer, though the court may order that the deposition continue outside the presence of the person who refused to leave the initial deposition.  The applicable portions of such deposition transcripts shall be clearly marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" on each page containing the Confidential Information.

        D.      Any party may designate documents or portions of deposition transcripts as containing Confidential Information even if not initially marked as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order by so advising counsel for each party in writing within twenty-one (21) calendar days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as Confidential Information.  Thereafter each such document or transcript shall be treated in accordance with the terms of this Protective Order.  Any person served

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-5-

1 with written notice of any such designation of previously produced documents or

2 deposition transcripts as containing Confidential Information shall thereafter treat

3 such information as if it had been designated as "CONFIDENTIAL" or

4 "CONFIDENTIAL--ATTORNEYS' EYES ONLY" at the time he, she, or it first

5 received it in connection with this action and shall mark all copies of such

6 documents in his, her, or its possession accordingly.

7      III.     LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL

8 INFORMATION:

9      A.     No Confidential Information shall be disclosed by anyone receiving

10 such information to anyone other than those persons designated herein, and in no

11 event shall Confidential Information be used, either directly or indirectly, by

12 anyone receiving such information for any business, commercial or competitive

13 purpose or for any purpose whatsoever other than the preparation for or trial of this

14 action in accordance with the provisions of this Protective Order.

15      B.     Confidential Information designated "CONFIDENTIAL" shall not be

16 disclosed by any person who has received such information through discovery in

17 this action to any other person except to:

18      1.     Retained counsel for any party to this action and their respective

19 associates, clerks and employees involved in the conduct of this litigation, but not

20 including in-house counsel to either party, defined as counsel regularly employed

21 or paid by, or associated with, a party, and/or whose offices are located within any

22 premises of a party;

23      2.     The parties hereto, and their present officers, directors and employees;

24      3.     Outside experts and consultants retained by a party for the purpose of

25 preparing or assisting in this litigation, and their respective clerks and employees

26 involved in assisting them in this litigation, to the extent deemed necessary by

27 counsel;

28      4.     Any person who actually was involved in the preparation of the

1   document or who appears on the face of the document as the author, addressee, or

2   other recipient or currently is affiliated with the party that produced or appears to

3   have prepared said document;

4       5.      Court reporters and similar personnel, provided further that

5   Confidential Information filed with the Clerk of the Court shall be sealed subject to

6   release only by order of the Court or agreement of counsel;

7       6.      Deponents with respect to whom the attorney for the examining party

8   believes in good faith that disclosure of Confidential Information should be made

9   in order to conduct relevant examination of such deponent on topics about which

10  the attorney in good faith believes the deponent may have relevant information.  In

11  the case of a deponent who was not an author or recipient of the Confidential

12  Information, and who has not previously agreed to be bound by the terms of this

13  Order, the attorney conducting the examination shall limit disclosure of

14  confidential information by any means practicable (i.e., redaction or severance of

15  non-relevant portions) to only that which is in good faith required to conduct a

16  meaningful examination of the witness, and shall show all counsel a copy of said

17  redacted document before showing it to the witness.  Any violation of this

18  provision, or objection by counsel to showing the document to the witness, shall

19  entitle the objecting party to suspend the deposition as to the Confidential

20  Information at issue and any lines of questioning relating to the Confidential

21  Information at issue, and to apply to the Court for a further Protective Order or

22  other appropriate relief; and

23      7.      Any other person, either with the prior written consent of the party

24  who has designated such information as confidential or pursuant to a Court order.

25      8.      The jury, judge and court personnel at time of trial.

26      C.      Confidential Information designated "CONFIDENTIAL--

27  ATTORNEYS' EYES ONLY" shall not be disclosed by any person who has

28  received such information through discovery in this action to any other person

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-7-

STIPULATED PROTECTIVE ORDER

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

1  except to:

2     1.    Retained counsel for any party to this action and their respective

3  associates, clerks and employees involved in the conduct of this litigation, but not

4  including in-house counsel to either party, defined as counsel regularly employed

5  or paid by, or associated with, a party, and/or whose offices are located within any

6  premises of a party;

7     2.    Outside experts and outside consultants assisting in this litigation, and

8  their respective clerks and employees involved in assisting them in this litigation,

9  to the extent deemed necessary by counsel;

10     3.    Any person who actually was involved in the preparation of the

11  document or who appears on the face of document as the author, addressee, or

12  other recipient, or is currently affiliated with the party that produced or appears to

13  have prepared said document;

14     4.    Court reporters and similar personnel, provided further that

15  Confidential Information filed with the Clerk of the Court shall be sealed subject to

16  release only by order of the Court or agreement of counsel;

17     5.    Deponents with respect to whom the attorney for the examining party

18  believes in good faith that disclosure of Confidential Information should be made

19  in order to conduct relevant examination of such deponent on topics about which

20  the attorney in good faith believes the deponent may have relevant information.  In

21  the case of a deponent who was not an author or recipient of the Confidential

22  Information, and who has not previously agreed to be bound by the terms of this

23  Order, the attorney conducting the examination shall limit disclosure of

24  confidential information by any means practicable (i.e., redaction or severance of

25  non-relevant portions) to only that which is in good faith required to conduct a

26  meaningful examination of the witness, and shall show all counsel a copy of said

27  redacted document before showing it to the witness.  Any violation of this

28  provision, or objection by counsel to showing the document to the witness, shall

STIPULATED PROTECTIVE ORDER

1  entitle the objecting party to suspend the deposition as to the Confidential

2  Information at issue and any lines of questioning relating to the Confidential

3  Information at issue, and to apply to the Court for a further Protective Order or

4  other appropriate relief;

5      6.     Any other person, either with the prior written consent of the party

6  who has designated such information as confidential or pursuant to a Court order;

7  and

8      7.     The jury, judge and court personnel at time of trial.

9      D.     Before any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii)

10  or 3(c)(vi) receives or is shown any document or information which has been

11  designated as confidential, such person shall be given a copy of this Protective

12  Order and shall agree in writing, in the form of the "Agreement to be Bound By

13  Terms Of The Protective Order" attached hereto as Exhibit A, to be bound by the

14  terms hereof.  The original of each such Acknowledgment and Agreement shall be

15  maintained by counsel, and transmitted by facsimile to all other counsel of record.

16  If any counsel objects to showing the signatory documents subject to this Order,

17  the objecting party shall give facsimile notice of its objections and the grounds

18  therefore and shall have five business days to file and serve a motion for protective

19  order.  If no objection is raised or no motion for protective order is filed and served

20  within five days thereafter, all objections to showing the signatory documents shall

21  be waived and the signatory may be shown the documents subject to this Order.  If

22  the person does not so agree, the person may not be shown the document until after

23  a motion for protective order is brought and an order obtained preventing the

24  person from misusing any information in the document.

25      E.     Nothing in this Protective Order shall be construed to require

26  execution of the written Acknowledgement and Agreement referred to in

27  paragraph 3(d) above, or to prevent disclosure of Confidential Information, by the

28  party producing and designating such Confidential Information, or by any

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-9-

STIPULATED PROTECTIVE ORDER

1  employee of such party.

2       F.    Nothing in this Protective Order shall prevent counsel for either party

3  from summarizing or discussing in general terms the nature of documents

4  designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES

5  ONLY" with representatives of their respective clients, outside experts and

6  consultants, deponents or potential witnesses, provided such summary or

7  discussion does not disclose, in any way, the substance of the document so

8  designated, the Confidential Information contained therein, and/or trade secret

9  information of another party.

10       IV.    FILE UNDER SEAL:

11       All Confidential Information filed with the Court and any pleading or other

12  paper containing Confidential Information shall be filed under seal and marked:

13       "CONFIDENTIAL INFORMATION.  This envelope contains documents

14  that are subject to a Protective Order of this Court and shall not be opened or

15  unsealed by anyone except the Court or its staff, without the prior written consent

16  of counsel for the parties hereto or pursuant to order of this Court.  If the contents

17  of this envelope are so unsealed, they shall thereafter be resealed."

18       The envelope shall not be opened without further order of the Court.

19       Nothing shall be filed under seal, and the court shall not be required to take

20  any action, without a separate prior order by the Judge before whom the hearing or

21  proceeding will take place, after application by the affected party with appropriate

22  notice to opposing counsel.

23       V.    CHALLENGE TO CONFIDENTIALITY DESIGNATION:

24       Any party who disagrees with the designation by a party of a document or

25  other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS'

26  EYES ONLY" may bring a motion before the Court requesting that the Court find

27  that the document or other information is, in fact, not confidential.  Prior to

28  bringing such motion, a party who objects to any other party's designation of

-10-

STIPULATED PROTECTIVE ORDER

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

1  documents or other information as "CONFIDENTIAL" or "CONFIDENTIAL--

2  ATTORNEYS' EYES ONLY" shall notify the other party in writing of the

3  objection.  The interested parties or other persons shall attempt to resolve such

4  disagreements before submitting them to the Court.  Pending resolution of any

5  dispute concerning such designation, all parties and persons governed by this

6  Protective Order shall treat as "CONFIDENTIAL" or "CONFIDENTIAL--

7  ATTORNEYS' EYES ONLY" all documents and information previously

8  designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES

9  ONLY" under the terms of this Protective Order.  If a motion challenging the

10  confidentiality designation is brought, the party or person asserting that a

11  document or other information is properly designated as "CONFIDENTIAL" or

12  "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall bear the burden of

13  proving that the document or other information is Confidential Information.

14        VI.     SURVIVAL OF ORDER - RETURN OF DOCUMENTS:

15        A.     The provisions of this Order shall continue in effect until otherwise

16  ordered by the Court after notice and an opportunity to be heard is afforded to the

17  parties to this action.  The final determination or settlement of this action shall not

18  relieve any person who has received Confidential Information or agreed to be

19  bound by the terms of this Protective Order of his, her, or its obligations hereunder.

20  This Court shall retain jurisdiction after such final determination or settlement to

21  enforce the provisions of this Order.  Upon completion of the litigation, all

22  documents (including copies of documents) containing Confidential Information

23  shall be destroyed or returned to counsel for the producing party, except that the

24  parties' respective attorneys of record may retain one copy of each such document

25  for use in connection with any disputes which may arise under the Court's

26  retention of jurisdiction as provided for herein.  Within sixty days of the

27  conclusion of this litigation, the attorneys for the receiving party shall notify the

28  attorneys for the producing party that such return or destruction occurred.

-11-

B. Except as provided in Sections 4 or 7 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Section 3 hereunder, or kept by counsel of record either at the premises regularly maintained by such counsel of record as and for their respective law offices, or otherwise in their sole custody or control.

VII.   USE OF OWN DOCUMENTS BY PRODUCING PARTY:

Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or information have been designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY."

VIII.   APPLICATIONS TO COURT:

A. This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available. This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

B. Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

C. The parties hereby, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such

-12-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

1  person.  In the event the aggrieved party shall do so, the respondent person subject

2  to the provisions of this Order shall not employ as a defense thereto the claim that

3  the aggrieved party has an adequate remedy at law.  Any persons subject to the

4  terms of this Order agree that this Court shall retain jurisdiction over it and them

5  for the purposes of enforcing this Order.  The remedies set forth in this Section

6  8(c) are not exclusive to any other remedies that an aggrieved party may elect to

7  pursue.

8         IX.    NO ADMISSIONS:

9         Neither entering into this Stipulation for Protective Order nor receiving any

10  documents or other information designated as "CONFIDENTIAL" or

11  "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed as an

12  agreement or admission (1) that any document or information designated as

13  "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" is in

14  fact Confidential Information; (2) as to the correctness or truth of any allegation

15  made or position taken relative to any matter designated as "CONFIDENTIAL" or

16  "CONFIDENTIAL--ATTORNEYS' EYES ONLY;" or (3) as to the authenticity,

17  competency, relevancy, or materiality of any information or document designated

18  as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY."

19  This Order is not intended to modify or waive the provisions of the California

20  Rules of Civil Procedure or of the California Rules of Evidence.  This Order does

21  not require the production of documents or information that would otherwise be

22  non-discoverable.

23         X.    SUBPOENA BY OTHER COURTS OR AGENCIES:

24         If another court or an administrative agency subpoenas or orders production

25  of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY"

26  documents which a party has obtained under the terms of this Order, before

27  complying with such subpoenas or orders, such party shall promptly notify the

28  party or other person who designated the documents of the pendency of such

-13-

1  subpoena or order.

2      XI.     MODIFICATION - FURTHER AGREEMENTS:

3          Nothing contained herein shall preclude any party from seeking from the

4  Court modification of this Order upon proper notice or preclude the parties from

5  entering into other written agreements designed to protect Confidential

6  Information.

7          Further, the Court may modify the protective order in the interests of justice

8  or for public policy reasons.

9      XII.    COUNTERPARTS:

10         This Stipulation for Protective Order may be executed in counterparts, each

11  of which shall be deemed an original and which together shall constitute one

12  instrument.

13         I hereby consent to the form, substance of this agreement and consent to

14  entry of this agreement as an order.

15  Dated:  December 7, 2015            GORDON & REES LLP

16

17                                      By:    *s/Sean P. Flynn*
                                               Sean P. Flynn  (SBN:  220184)
18                                             Attorneys for National Credit
                                               Adjusters, LLC
19

20  Dated:  December 7, 2015            HUSSIN LAW

21

22                                      By:    *s/Tammy Hussin*
                                               Tammy Hussin  (SBN:  155290)
23                                             Attorneys for David Mayfield

24

25      **IT IS SO ORDERED**.

26

27

28

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-14-

1   DATED: December 14, 2015

2   _____

3   UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

1110691/25940971v.1

-15-

STIPULATED PROTECTIVE ORDER

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon & Rees LLP, 2211 Michelson Drive, Suite 400, Irvine, California 92612.

On **December 14, 2015** and pursuant to FRCP 5(b), I served a true and correct of the foregoing

**STIPULATED PROTECTIVE ORDER**

on the parties below by E-Service via the Court's CM/ECF filing system addressed as follows to:

| | |
|---|---|
| Tammy Hussin, Esq. <br> Hussin Law <br> 6404 Merlin Drive, #100 <br> Carlsbad, CA 92011 <br> (877) 677-5397 <br> (877) 667-1547 <br> tammy@hussinlaw.com | *Attorney for Plaintiff* <br> *David Mayfield* |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14, 2015, at Irvine, California.

_____
Leslie M. Handy

1110691/25986776v.1

-16-

STIPULATED PROTECTIVE ORDER